FILED
DEC 29 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joel Aaron Silberman, ) | |
| ) | |
| Plaintiff, ) | Case: 1:16-cv-02527 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 12/29/2016 |
| ) | Description: Pro Se Gen. Civil |
| Vincent H. Cohen, Jr., ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* form "Complaint for Violation of Civil Rights," which is accompanied by an application for leave to proceed *in forma pauperis*. The application will be granted, and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff sues former acting United States Attorney Vincent Cohen, Jr., in his official capacity. Plaintiff describes this action as "a petition for habus [sic] corpus and discovery and also [a] dismissal and review of [his] case," which presumably is pending in the Superior Court of the District of Columbia. Compl. at 5; *see Silberman v. Berk*, No. 16-cv-2386 (D.D.C. Dec. 7, 2016) (dismissing under *Younger* abstention doctrine plaintiff's action to compel dismissal of criminal cases pending in Superior Court).

Plaintiff has presented no grounds to consider under the habeas statute. *See Mayle v. Felix*, 545 U.S. 644, 649 (2005) (noting that "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement [than Rule 8(a)]. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'") (second alteration in original). And this court lacks jurisdiction to review the decisions of other courts, including those of the D.C. Superior Court. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) ("Until the Supreme Court of the United States says otherwise, . . . [t]his Court does not have jurisdiction to review the decision of a state . . . court.") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). A separate order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: December 22, 2016